IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-cv-245

| | |
|---|---|
| MARIAN TAYLOR, M.D. and LILLIA LAPLACE, M.D., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MISSION HEALTH COMMUNITY MULTISPECIALTY PROVIDERS, LLC, | ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Marian Taylor, M.D. ("**Taylor**") and Lillia LaPlace ("**LaPlace**"), complaining of Defendant Mission Health Community Multispecialty Providers, LLC ("**Mission Clinic**"), file this Complaint for Declaratory Judgment and state:

### Parties, Jurisdiction and Venue

1. Taylor is an adult citizen of, and domiciled in, Haywood County, North Carolina.

2. LaPlace is an adult citizen of, and domiciled in, Macon County, North Carolina.

3. Mission Clinic is a North Carolina limited liability company with its principal place of business in Nashville, Tennessee. Upon information and belief, Mission Clinic's sole member is HCA Healthcare, Inc. ("**HCA**"). HCA is a Delaware corporation with its principal place of business in Nashville, Tennessee.

4. HCA is, accordingly, a citizen of Delaware and Tennessee.

5. The amount in controversy exceeds $75,000.

6. This Court has jurisdiction over and is the proper division for this action pursuant to 28 U.S.C. § 1332.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391.

## FACTS
### (Marian Taylor, M.D.)

8. On or about June 24, 2019, Taylor and Mission Clinic entered into an Employment Agreement ("**Taylor Agreement**"). The Taylor Agreement is hereby incorporated as if fully set forth.

9. The Agreement contains a purported non-competition provision ("**Taylor Non-Compete**").

10. The Agreement, including the Taylor Non-Compete, is governed by North Carolina law.

11. The Taylor Non-Compete is invalid and unenforceable as a matter of North Carolina law for, at the very least, the reasons that follow.

12. The Taylor Non-Compete is unlimited in terms of the activities it purports to restrict, forbidding Taylor from having *any* affiliation with a Mission Clinic competitor in 18 counties other than as a consumer of health care services. That is, only as a patient. She cannot push a broom for any competitor, act as a buyer or seller of anything for any competitor, cannot have a food truck in the parking lot of any competitor. She cannot do *anything* affiliated in any way with a Mission Clinic competitor, whether or not it has anything at all to do with her work as a cardiologist for Mission Clinic, except receive medical care from a competitor.

13. Mission Clinic has no legitimate business interest in restricting Taylor from having any affiliation with any Mission Clinic competitor, in 18 counties, any one county, or anywhere on earth.

14. The Taylor Non-Compete is impermissibly overbroad as to geographic scope.

15. The Initial Term of the Taylor Agreement was three years. Upon expiration of the Initial Term, the Taylor Agreement automatically renewed for three years.

16. The Taylor Agreement's Initial Term expired on or about August 5, 2022. At that time, the Taylor Agreement automatically renewed by its terms.

17. Upon renewal of the Taylor Agreement, Mission Clinic did not provide to Taylor any consideration in exchange for the Taylor Non-Compete or for any restrictive covenant.

18. In fact, upon renewal of the Taylor Agreement, Mission Clinic did not so much as mention to Taylor anything about the Taylor Non-Compete.

19. Taylor and LaPlace have both accepted positions in their respective areas of practice at Pardee Memorial Hospital Foundation, Inc. ("**Pardee Hospital**") (their "**Future Employment**"). Their Future Employment is scheduled to begin in January 2023.

20. On October 11, 2022, Taylor, through counsel, provided 90 days' notice of resignation to Mission Clinic. Notice of resignation was further communicated to Mission Clinic via certified letter from counsel on October 20, 2022.

21. Mission Clinic claims that the Taylor Non-Compete prohibits Taylor from engaging in her Future Employment and has threatened to institute legal action against Taylor if she engages in the Future Employment.

## **FACTS**
### **(Lillia LaPlace, M.D.)**

22. On or about May 13, 2015, LaPlace and Mission Medical Associates, Inc. ("**MMA**"), *not Mission Clinic*, entered into an Employment Agreement ("**LaPlace Agreement**"). The LaPlace Agreement is hereby incorporated as if fully set forth.

23. The LaPlace Agreement is governed by North Carolina law.

24. In or around January 2019, HCA purchased the assets of MMA.

25. In or about late January or early February 2019, and in no event later than June 2019, LaPlace's employment with MMA terminated and her employment with Mission Clinic began.

26. LaPlace did not ever sign with Mission Clinic any agreement containing a non-competition agreement or any type of restrictive covenant.

27. LaPlace does not have any agreement with Mission Clinic that contains a non-competition agreement or any type of restrictive covenant.

28. The LaPlace Agreement with MMA had a non-compete ("**LaPlace Non-Compete**") that ran for a period of two years following termination of Physician's employment with MMA.

29. More than two years, and indeed more than three years, has passed since the termination of LaPlace's employment with MMA in 2019.

30. The LaPlace Non-Compete has expired, but even if it had not, it would be invalid and unenforceable under North Carolina law for, at the very least, the additional reasons that follow.

31. The Initial Term of the LaPlace Agreement ended December 16, 2016, and thereafter automatically renewed for successive terms of three years.

32. Upon automatic renewal of the LaPlace Agreement on or about December 16, 2016, MMA did not provide to LaPlace any consideration in exchange for the LaPlace Non-Compete or for any restrictive covenant, and neither did Mission Clinic.

3

33. In fact, upon renewal of the LaPlace Agreement on or about December 16, 2016, MMA did not so much as mention to LaPlace anything about the LaPlace Non-Compete, and nor did Mission Clinic.

34. Upon automatic renewal of the LaPlace Agreement on or about December 16, 2019, MMA did not provide to LaPlace any consideration in exchange for the LaPlace Non-Compete or for any restrictive covenant, and neither did Mission Clinic.

35. In fact, upon renewal of the LaPlace Agreement on or about December 16, 2019, MMA did not so much as mention to LaPlace anything about the LaPlace Non-Compete, and neither did Mission Clinic.

36. The LaPlace Agreement will renew again next month on or about December 16, 2022.

37. LaPlace does not have any intention of accepting from Mission Clinic any consideration in exchange for any restrictive covenant.

38. Mission Clinic has no legitimate business interest in restricting LaPlace from practicing medicine in the specialty of cardiology, in 18 counties, any one county, or anywhere on earth.

39. On October 11, 2022, LaPlace, through counsel, provided 90 days' notice of resignation to Mission Clinic. Notice of resignation was further communicated to Mission Clinic via certified letter from counsel on October 20, 2022.

40. Mission Clinic claims that the LaPlace Non-Compete prohibits Taylor from engaging in her Future Employment and has threatened to institute legal action against LaPlace if she engages in the Future Employment.

## **DECLARATORY JUDGMENT**)

41. The Taylor Non-Compete does not, as a matter of law, prohibit Taylor from engaging in her Future Employment.

42. The LaPlace Non-Compete does not, as a matter of law, prohibit LaPlace from engaging in her Future Employment.

43. This Court has the power pursuant to 28 U.S. Code § 2201 and N.C. Gen. Stat. § 1-254 to declare the rights and obligations of Taylor and LaPlace under the Taylor Non-Compete and the LaPlace Non-Compete, respectively.

44. This Court should enter a judgment declaring that each of the Taylor Non-Compete and the LaPlace Non-Compete is invalid and unenforceable and do not prohibit Taylor or LaPlace from being employed at her Future Employment.

**WHEREFORE**, Plaintiffs Marian Taylor, M.D. and Lillia LaPlace, M.D. respectfully pray the Court to:

1. Enter a judgment declaring that Plaintiffs' respective Non-Competes are invalid and unenforceable and do not prohibit them from engaging in their Future Employment; and

2. Enter a judgment that Taylor and LaPlace shall have and recover such other and further relief as this Court may deem just and proper.

This the 22nd day of November, 2022.

**GARDNER SKELTON PLLC**

/s/ *Nicole K. Haynes*
Jared E. Gardner (N.C. State Bar No. 28275)
Nicole K. Haynes (N.C. State Bar No. 47793)
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 335-0350
Facsimile: (704) 390-7027
jared@gardnerskelton.com
nicoleh@gardnerskelton.com
*Attorneys for Plaintiffs*